# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**08-1509**

**BUCKHORN RANCH, L.L.C., ET AL.**

**VERSUS**

**ROBERT EARL HOLT, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 224,487
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy and J. David Painter, Judges.

**AFFIRMED IN PART. REVERSED IN PART AND REMANDED.**
**MOTION TO WITHDRAW DENIED.**

Raymond L. Brown, Jr.
Gold, Weems, Bruser, Sues & Rundell
Post Office Box 6118
Alexandria, LA 71307-6118
(318) 445-6471
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Buckhorn Ranch, L.L.C.
    Chet Cooper
    Clay Cooper
    Earl Humphries

Jerold E. Knoll
Post Office Box 426
Marksville, LA 71351
(318) 253-6200
COUNSEL FOR DEFENDANTS/APPELLEES:
    Robert Earl Holt
    Kathy Holt

**Bonita Preuett-Armour**
**Armour Law Firm**
**Post Office Box 710**
**Alexandria, LA   71309**
**(318) 442-6611**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Jack Holt**
    **Shirley Holt Ryland**
    **Mary Rose Beatty Holt**

AMY, Judge.

The plaintiffs filed suit against neighboring landowners seeking damages stemming from alleged interference with a servitude of passage across portions of the servient estates owned by the defendants. The interference was allegedly caused by a family member of the defendant landowners. The plaintiffs also sought an injunction prohibiting the defendants from allowing access to the family member who was the perpetrator. The trial court granted summary judgment in favor of the defendants, finding that they had a right to permit any person to access or manage their property. The plaintiffs appeal. For the following reasons, we affirm in part, reverse in part, and remand. We deny the motion to withdraw appellee's brief filed by Kathy Holt.

## Factual and Procedural Background

Chet Cooper, Clay Cooper, and Earl Humphries formed Buckhorn Ranch, L.L.C. (Buckhorn Ranch) in order to acquire a tract in Rapides Parish for hunting and timber harvesting purposes. Buckhorn Ranch acquired a 650-acre tract from Jack Holt, his wife, Mary Rose Beatty Holt, and their daughter, Carol Anne Holt Edwards, on May 19, 2004. Prior to the sale, Jack and Mary Rose held a 62.8 percent ownership interest in the property; Carol Anne owned a 37.2 percent interest. The property does not border any public road and is accessed via the Red River Levee, which runs across and on the border of adjacent lands.

At issue is a servitude of passage included in the Act of Sale with Mortgage completed in the transfer of Jack and Mary Rose's interest. As adjacent landowners, Jack and Mary Rose conveyed a servitude of passage as follows:

> Sellers warrant and represent that they own that portion of the Southwest Quarter of Section 32, T5N, R1W, Rapides Parish, Louisiana lying South of the K.C.S. Railroad over which there exist [sic] a levee. Sellers grant and transfer to Buyer and to Buyer's assigns and

transferees a servitude of passage and way 50 feet in width over and across the levee across the Southwest Quarter of Section 32, T5N, R1W, Rapides Parish, Louisiana to the Property for purposes of ingress and egress to the Property and to other property belonging to Clay S. Cooper, et al. Buyer shall have a servitude and the right to construct, maintain and use not less than two crossing [sic] over the K.C.S. Railroad right of way for ingress and egress to the Property. Sellers and Buyer agree that these servitudes shall be predial servitudes with the Property being the dominant estate and Sellers' property in the Southwest Quarter of Section 32, T5N, R1W, Rapides Parish, Louisiana being the servient estate. Buyer's right of servitude, passage and use shall exist in favor of Buyer, Buyer's assigns and transferees.

Subsequently, on May 26, 2004, Jack and Mary Rose donated a portion of the servient estate to Shirley Holt Ryland, their daughter. After the donation, the parcels owned by Jack and Mary Rose and that owned by Shirley included a portion of the servitude.

After purchase, the Buckhorn Ranch owners began experiencing difficulty on the property allegedly caused by Robert Earl Holt, the adult child of Jack and Mary Rose. The record establishes that Robert admitted to, among other things, the chaining and nailing shut of the access gate on Shirley's property. Access to this gate is part of the servitude of passage and was necessary for ingress to and egress from the Buckhorn Ranch property.

Chet, Clay, Earl, and Buckhorn Ranch (the plaintiffs) filed a Petition for Injunctive Relief and Damages in May 2006, alleging that their servitude of passage was hindered, not only by the nailing of the access gate on Shirley's property, but by other tortious and criminal actions on the part of Robert. Included in these damages were approximately forty-eight cuts sustained to a 2.5 mile section of a fence constructed around the Buckhorn Ranch property subsequent to purchase. The plaintiffs also alleged that Robert made a number of telephone calls during May and June 2005, wherein he spoke of the damage to the fence and threatened to burn the

2

Buckhorn Ranch camp. The plaintiffs also alleged that, in a call to Clay's office, Robert referenced a Bible verse involving the killing of children in front of their fathers and the fathers being blinded. The plaintiffs point to other conduct, including Robert's construction of a dummy which was found hanging from a tree by a levee board employee with a sign affixed stating "goodbye deer trappers," and the discovery of what was referred to as a fake bomb at the access gate. The plaintiffs alleged that the physical interference with the servitude of passage and the damages sustained to Buckhorn Ranch property were made possible due to Robert's access to the servient estates via a locked levee gate system. Keys to these gates were available only to owners of the property and their designees. The plaintiffs observe that Robert was not and is not an owner of any of the property at issue. The petition alleged that Jack, Mary Rose, and Shirley permitted Robert to access the property, despite knowledge of his dangerous propensities, past arrests, past violent behavior, and mental health issues.

The plaintiffs point out that Robert continues to use the property and, in fact, he and his family now live in a house on Jack and Mary Rose's property after his release from jail and from a mental health facility. Because of his continued access, the plaintiffs contend their use of the servitude and, in turn, their property is diminished due to fear and anxiety from his threats. The plaintiffs named Jack, Mary Rose, and Shirley as defendants insofar as they are owners of the servient estates. The plaintiffs also named Robert and Kathy Holt, Robert's wife, as defendants due to allegations that Kathy joined Robert in some of the alleged activities. Again, neither of these latter parties is a landowner. Robert is not included in the judgment of dismissal under review.

The plaintiffs seek damages due to losses allegedly sustained. They also seek an injunction requiring Shirley and Robert to remove obstacles limiting the use of the servitude for egress and ingress to the Buckhorn Ranch property and to further maintain that servitude in a manner permitting its utilization. The plaintiffs additionally seek an injunction limiting Robert and Kathy from, among other things, possessing keys to the levee gates, entering the levee road, entering the servient estate, or interfering with the servitude. Finally, the plaintiffs seek an injunction requiring Jack, Mary Rose, and Shirley to maintain the servitude in a manner that permits the full use of the servitude and that these defendants prohibit Robert and Kathy's access to the servient estate and levee road.

The defendants, except for Robert, filed a motion for summary judgment seeking dismissal of the suit. Jack, Mary Rose, and Shirley argued that the petition regards only affirmative conduct of Robert and/or Kathy and that allegations against them focused on access to the property from which Robert caused the disturbances. Jack, Mary Rose, and Shirley argued that "[n]o cause of action exists in Louisiana against a landowner for the criminal acts of a third party" and, thus, the plaintiffs' claims are not actionable. Kathy argued that the claim against her should be dismissed as Robert admitted fault for most of the offenses and asserted that he acted alone.

The trial court granted the motion for summary judgment, dismissing the plaintiffs' claims against Jack, Mary Rose, Shirley, and Kathy. Judgment was entered on October 8, 2008.[1]

---

[1] The trial court's amended reasons for ruling reflect, in part:

In the case at hand, the defendants, Jack Holt, Mary Rose Beatty Holt, and Shirley Holt Ryland are the owners of the servient estate as well as the portion of the property not subject to the servitude. Kathy Holt, wife of Robert Holt, lived on the

The plaintiffs appeal, assigning the following as error:

[1].    The district court erred in dismissing Appellees Jack Holt, Mary Holt and Shirley Holt Ryland.

[2].    The district court erred by admitting at hearing a document which was required by law to be filed 15 days prior to hearing.

[3].    The district court erred in dismissing Appellants' claim for injunctive relief.

Kathy initially filed an appellee's brief in this court asserting that the plaintiffs did not assign her dismissal as error nor did it brief this issue as required by Uniform

---

property with her husband. The plaintiffs assert that allowing Robert Holt and Kathy Holt use of their property and his subsequent actions make the defendants liable for their decision not to exercise their servitude. Plaintiffs also assert that the defendants' knowledge of Robert Holt's actions leads one to conclude that they acted in concert with Robert and are therefore solidarily liable.

This Court disagrees. According to La.Code Civ.P. art. 777, ownership is the right that confers on a person direct, immediate and exclusive authority over a thing. The owner of a thing may use, enjoy, and dispose of it within the limits and under the conditions established by law. As owners of the property, Jack Holt, Mary Rose Beatty Holt, and Shirley Holt have the right to allow any person of their choosing to access, live on and/or manage their property. This Court agrees that the plaintiffs have the right to exercise the use of their servitude. Not doing so is of their choosing.

The plaintiffs have the burden to prove that an agreement existed to commit an illegal or tortuous [sic] act which resulted in injury. *Hall v. Lilly*, 29,624 (La.App. 2 Cir. 6/18/1997), 697 So.2d 676.

From the facts, Jack, Mary Rose Beatty Holt, Kathy Holt, and Shirley Holt Ryland have not prohibited the use of the servitude on the part of the plaintiffs, nor did they have any knowledge or involvement in the acts of Robert Holt. Simply knowing of Robert Holt's mental disorder and/or his lack of compliance with his medication does not make Jack, Mary Rose, Kathy Holt, and Shirley Holt Ryland conspirators and/or solidarily liable for Robert's actions.

All of the acts alleged have been committed by Robert Holt for which he has been convicted and incarcerated. Robert Holt admitted to the acts that allegedly prohibited the plaintiffs from exercising the servitude, and that he acted alone, therefore they cannot be held solidarily liable for Robert's actions.

In their opposition, the plaintiffs listed 42 issues of material fact. However, because those facts entail the criminal acts of Robert Holt, this Court concludes that there is no genuine issue of material fact as those facts have been admitted to by Robert Holt. The issue of ownership of the property is also dispositive as evidence shows that property on which Robert Holt and Kathy Holt resided and the portion of the land on which the servitude lies were owned by Jack and Mary Rose Beatty Holt and Shirley Holt Ryland.

Rules–Courts of Appeal, Rule 2-12.4.[2]  Kathy, thus, sought recognition that the judgment dismissing her was a final judgment and, alternatively, adopted the remaining arguments of Jack, Mary Rose, and Shirley.  Kathy later filed a motion to withdraw her appellee's brief, stating that she learned that the appellants did not appeal her dismissal from the litigation.  This motion was referred to the panel on the merits.

## Discussion

*Summary Judgment*

Louisiana Code of Civil Procedure Article 966(B) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."  As for burden of proof on the motions, Paragraph C(2) provides that:

> The burden of proof remains with the movant.  However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense.  Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden or proof at trial, there is no genuine issue of material fact.

An appellate court reviews a ruling on a motion for summary judgment de novo and utilizes the same criteria as the trial court.  *Bellard v. Amer. Cent. Ins. Co.*, 07-1335, 07-1399 (La. 4/18/08), 980 So.2d 654.

---

[2] Rule 2-12.4 provides that "[a]ll specification or assignments of error must be briefed.  The court may consider as abandoned any specification or assignment of error which has not been briefed."

*Burden of Proof*

The plaintiffs contest the trial court's dismissal of their claim upon a finding that Jack, Mary Rose, and Shirley, as owners of the servient estates, have exclusive authority over their property and can allow any person to access, live on, and/or manage their property. Instead, the plaintiffs argue that the defendants are responsible for damages as the use of the servitude of passage has been diminished due to Robert's presence on the servient estates, which these defendants have permitted.

In support of their motion for summary judgment, Jack, Mary Rose, and Shirley focus upon Robert's admission that he committed many of the disruptions and much of the complained of threatening behavior. They contend that he is solely responsible for his actions. They also contend that, as landowners, they have a right to allow access to their property as they wish. They also assert that much of the threatening behavior has occurred off of their property. The trial court agreed with this argument, dismissing the suit against all defendants.

The trial court referenced La.Civ.Code art. 477 in its determinations. Paragraph (A) of the Article, in its entirety, provides:

> Ownership is the right that confers on a person direct, immediate, and exclusive authority over a thing. The owner of a thing may use, enjoy, and dispose of it within the limits and under the conditions established the law.

Pursuant to Article 477(A), Jack, Mary Rose, and Shirley have exclusive authority over their property and may, in fact, use it as they see fit. However, the article further provides that these rights of ownership may be limited by law.

As the parcels owned by Jack, Mary Rose, and Shirley are burdened by a predial servitude of passage in favor of the dominant estate, the Buckhorn Ranch

7

property, reference must be made to La.Civ.Code arts. 651 and 677. These articles limit these defendants' rights as owners of the servient estates as follows:

**Art. 651.   Obligations of the owner of the servient estate**

The owner of the servient estate is not required to do anything. His obligation is to abstain from doing something on his estate or to permit something to be done on it. *He may be required by convention or by law to keep his estate in suitable condition for the exercise of the servitude due to the dominant estate.*

**Art. 748.   Noninterference by the owner of servient estate**

*The owner of the servient estate may do nothing tending to diminish or make more inconvenient the use of the servitude.*

If the original location has become more burdensome for the owner of the servient estate, or if it prevents him from making useful improvements on his estate, he may provide another equally convenient location for the exercise of the servitude which the owner of the dominant estate is bound to accept. All expenses of relocation are borne by the owner of the servient estate.

(Emphasis added.) As explained in *Comby v. White*, 98-1437, p. 6 (La.App. 3 Cir. 3/3/99), 737 So.2d 94, 97, "[i]nterference with the use and enjoyment of a servitude by the owner of the servient estate entitles the owner of the dominant estate to damages." Injunctive relief may be available also. *See* 4 A. N. YIANNOPOULOS, CIVIL LAW TREATISE: PREDIAL SERVITUDES § 158 (3rd ed. 2004).

The parties' submissions in support of and in opposition to the defendants' motion for summary judgment demonstrate that genuine issues of material fact remain with regard to whether the defendants have diminished or made more inconvenient the use of the predial servitude. Depositions indicate that throughout the period of threatening and damaging behavior, Jack, Mary Rose, and Shirley allowed Robert onto their property. In accessing the servient estates, Robert had and continues to have, possession of keys necessary for opening the levee gates. Entry onto the levee and the servient estates allows Robert access to the plaintiffs' property as well as the

property subject to the servitude. These keys are only available to property owners and their designees.

Although Jack, Mary Rose, and Shirley deny that they knew of Robert's offenses against Buckhorn Ranch and its owners prior to the events surrounding his July 2005 arrest, it is clear that, even after they knew of Robert's threats, obstruction of an access gate, and actions designed to deter entry to the Buckhorn Ranch property, they again permitted Robert to access the area. Specifically, during the period of Robert's incarceration and hospitalization, Robert's family was moved into a home on Jack and Mary Rose's property. After his release, Robert also moved onto the property.

Robert's activities are now limited by terms of his probation, which require continued psychiatric treatment. They also prohibit contact with Clay, Chet, or Earl, and prohibit entry onto Buckhorn Ranch property. However, in light of the serious and personal nature of the threats upon them and their property, genuine issues of material fact remain with regard to whether Robert's initial actions and his continued access to the servient estates have hindered the plaintiff's use of the servitude benefitting their property for purposes of La.Civ.Code arts. 651 and 748. For these reasons, we reverse the trial court's entry of summary judgment in favor of the servient estate owners, Jack, Mary Rose, and Shirley, and remand for further proceedings.

*Introduction of Exhibit at Hearing*

We also address the plaintiffs' second assignment of error wherein they argue that the trial court erred in accepting an exhibit not offered until hearing on the motion for summary judgment. The exhibit is a right-of-way granted by Clay Cooper, Chet Cooper, and Willie Cooper to Robert Holt in 1991 over a separate tract located

to the east of the property at issue. It is not the property now owned by Buckhorn Ranch.

Defense counsel explained to the trial court that she only discovered the exhibit over the weekend prior to the Monday hearing. The plaintiffs argued that they were not provided with the exhibit prior to trial and were surprised by its introduction. *See* La.Code Civ.P. art. 966(B) ("The motion for summary judgment and supporting affidavits shall be served at least fifteen days before the time specified for the hearing"). However, the trial court explained that it would accept the exhibit as it wanted to be able to refer to the document if it found it relevant. It permitted the plaintiffs additional time to respond to the exhibit if needed.

The trial court's reasons for ruling indicate that it accepted the defendants' argument that the plaintiffs could not complain of Robert's use of the servitude over the servient estates when the right-of-way granted by Clay would have allowed access onto the controlled levee road. Our review, however, indicates that, even if relevant, the right-of-way, at most, creates genuine issues of material fact. The right-of-way evidenced by the exhibit provided Robert with a "passage 20 feet in width across that property described above lying south of the Red River Levee to the south property line for the purpose of granting to Robert E. Holt rights of ingress and egress across the property described above sought of the Red River Levee to and from the slackwater lake and island located south of the property described above."

Again, the parcel described in this right-of-way is not that at issue. Nor was other evidence presented indicating that this right-of-way, even if valid, would have given Robert the access asserted by the defendants. Even if the right-of-way did provide assess as urged by the defendants, this would only bear on the larger factual question of whether the defendants, by their own actions or inaction, failed to satisfy the requirements of La.Civ.Code arts. 651 and 748.

10

*Injunction*

In their final assignment of error, the plaintiffs argue that the trial court's ruling incorrectly dismissed their claim for injunctive relief along with their claim for damages. The reversal of the summary judgment and the remand for further proceeding renders this point moot.

*Motion to Withdraw*

Kathy argues that she is entitled to have her appellee's brief dismissed as "the plaintiffs did not appeal the trial court's dismissal of her from the litigation." However, the order of appeal granted the appellants "an appeal from the Judgment On Motion for Summary Judgment signed in the above entitled action on October 8, 2008 granting the defendants' motion for summary judgment[.]" This judgment included Kathy as a defendant. As the basis for the motion to withdraw the brief incorrectly assumes that the judgment appealed from does not include Kathy, it is denied.

However, there is no indication in the parties' evidence that the plaintiffs will be able to carry their burden of proof against Kathy. First, she is not an owner of the servient estates, so the reasoning applicable to Jack, Mary Rose, and Shirley is not applicable to Kathy. Further, there is no evidence in the submission that the plaintiffs will be able to establish that Kathy acted in furtherance of any of the acts against the plaintiffs. Finally, the plaintiffs do not contest Kathy's dismissal in their appellant's brief. For these reasons, we affirm the summary judgment insofar as it dismissed Kathy from the proceedings.

### DECREE

For the foregoing reasons, the judgment of the trial court rendered on October 8, 2008, and dismissing the claim against Jack Holt, Mary Rose Beatty Holt, Shirley Holt Ryland, is reversed. The judgment is affirmed insofar as it dismissed Kathy

11

Holt.  This matter is remanded for further proceedings.  All costs of this proceeding

are assigned to Jack Holt, Mary Rose Beatty Holt, and Shirley Holt.

**AFFIRMED IN PART.  REVERSED IN PART AND REMANDED.  MOTION TO WITHDRAW DENIED.**